```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
_____
                              )
ROLANDO PENATE-DIAZ,          )
        Petitioner,           )
                              )
        v.                    )    Civil Action No.
                              )    18-10156-NMG
SUPERINTENDENT ANTONE MONIZ, et )
al.,                          )
        Respondents.          )
_____)
```

## MEMORANDUM AND ORDER

**GORTON, J.**

For the reasons set forth below, the Court dismisses this action without prejudice.

## I.  Background

On January 26, 2018, immigration detainee Rolando Penate-Diaz ("Penate-Diaz"), who is confined at the Plymouth County Correctional Facility, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in which he seeks immediate release.  According to the petitioner, he is a native and citizen of Cuba who arrived in the United States as a refugee in 1980.  In May 1996, he was ordered removed but remained in the United States.  At some point, the United States tried to remove Penate-Diaz to Cuba, but his native country would not accept him.

On September 26, 2017, the petitioner was placed in immigration detention, presumably for purposes of removal.  See 8 C.F.R. § 241.4(l)(2)(iii) (government may revoke release of certain aliens when "it is appropriate to enforce a removal order"); 8 C.F.R. § 212.12(h) (providing for revocation of parole for Mariel Cubans when "appropriate to enforce an order of exclusion").  A custody review was performed on December 26,

2016.  Penate-Diaz remained in custody, but he was never informed why the government would not release him.  He maintains that he is not a flight risk, that he has been living in Massachusetts for 30 years, and that he has strong family support and ties to the community.  He represents that his removal to Cuba is not reasonably foreseeable because, "Cuba doesn't recognize its citizens and I.C.E. has tried to deport [him] in the past."  Pet. at 7 (spelling standardized).

The petition has not been served so that the Court may review the pleading and determine whether the respondent should be required to reply.  See 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to serve the petition on the respondent).[1]  For the reasons stated below, the Court denies the petition and dismisses this action.

## II. Discussion

Section 1231 of Title 8 provides that the Attorney General shall remove aliens who have been ordered removed within ninety

---

[1] See also Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 (providing that, if it "plainly appears from the face of the [habeas] petition . . . that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition").  Rule 4 may be applied at the discretion of the district court to other habeas petitions.  See Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254; see also Phelps v. Reynoso, App. No. 07-1080 (1st Cir. May 16, 2007) (district court acted within its discretion by applying Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 to § 2241 petition); Boutwell v. Keating, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005) (same).

2

days, and that he may detain the alien during this "removal period." 8 U.S.C. § 1231(a)(1),(2). Given that Penate-Diaz represents that he was ordered removed in 1996, and he does not suggest that his immigration case has been reopened, the Court assumes that the petitioner's ninety-day removal period expired long ago.[2]

Under 8 U.S.C. § 1231(a)(6), certain classes of aliens may be detained beyond the ninety-day removal period. See 8 U.S.C. § 1231(a)(6). While § 1231(a)(6) does not explicitly limit the time period during which the Attorney General may detain an alien, in Zadvydas v. Davis, the Supreme Court held that due process considerations mandate that detention under § 1231(a)(6) be limited "to a period reasonably necessary to bring about that alien's removal from the United States." Zadvydas, 533 U.S. at 689. For the sake of uniformity, the Court adopted a six-month period as the presumptively reasonable time period for accomplishing removal. See id. at 701. After this six-month period, detention of the alien is no longer permissible if there is "no significant likelihood of removal in the reasonably foreseeable future." Id.

Here, Penate-Diaz, by his own admission, has been in

---

[2]The removal period starts upon the latest three events: the date an order of removal becomes final, the date a court orders a stay of removal, or the date an alien is released from detention or confinement (except under an immigration process). See 8 U.S.C. § 1231(a)(1)(B).

immigration detention awaiting removal for less than six months.[3] Therefore, under Zadvydas, his continued detention is presumptively reasonable.  Further, despite the petitioner's claim that removal to Cuba is impossible, a change in diplomatic relationships now permits the United States to repatriate some individuals to Cuba.  See Martinez v. Moniz, C.A. No. 17-12365-DJC (D. Mass.) (case dismissed after government informed court that habeas petitioner was removed to Cuba on December 29, 2017); see also Padron v. Donelan, C.A. No. 17-30176-MGM (D. Mass), Docket # 9 (respondent's memorandum in support of motion to dismiss; respondent sets forth process by which persons may now be repatriated from the United States to Cuba).

### ORDER

In accordance with the foregoing, the petition for a writ of habeas corpus is **DENIED WITHOUT PREJUDICE**.  The Clerk shall enter an order dismissing this action.

**So ordered.**

                                        /s/ Nathaniel M. Gorton
                                      Nathaniel M. Gorton
                                      United States District Judge

Dated:2/12/2018

---

[3] See Clark v. Martinez, 543 U.S. 371, 376 n.3 (2005) (noting that, where release of an alien subject to detention under 8 U.S.C. § 1231(a)(6) is revoked to effectuate removal, detention is once again authorized by that statute).